UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEAN WHITE §<br>§<br>**Plaintiff** §<br>§<br>VS. §<br>§<br>PUBLIC STORAGE INC §<br>§<br>**Defendant** § | **CIVIL ACTION NO.** |

**COMPLAINT**

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff SEAN WHITE and brings this cause of action against Public Storage Inc, ("Public Storage"). Public Storage Inc owns, controls, manages, and rents the real estate, property, and improvements in Houston, Texas where a business named Public Storage operates. Mr. WHITE respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

**I. CLAIM**

1. Mr. WHITE, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Mr. WHITE and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves the Public Storage.

1

The Houston location does not provide any disabled parking or an ADA-Compliant Van Accessible parking space. Based on this fact, Public Storage Inc has denied Mr. WHITE the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at Public Storage.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Houston, Texas where the Public Storage property is located.

## PARTIES

5. Plaintiff SEAN WHITE is an Honorably-discharged, U.S. Army veteran that completed multiple tours in Afghanistan. As a result of his service, Mr. White has mobility impairments and traumatic brain injury (TBI). Mr. WHITE has a disability and mobility impairments, as established by the Federal government and the Veteran's Administration. Mr. White has a disabled placard on his vehicle from the State of Texas. Mr. WHITE has significant mobility impairments and uses assistive devices for mobility. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6. Defendant Public Storage Inc owns, manages, controls, and leases the improvements and building where the Public Storage is situated. The address of Public Storage is 3732 Westheimer Rd, Houston, TX 77027. As a storage facility with a sales office, the business is a place of public accommodation, operated by a private entity,

2

whose operations affect commerce within the meaning of Title III of the ADA.

7. Defendant Public Storage Inc is a foreign corporation whose headquarters is PO Box 25025, Glendale, CA 91221. Defendant can be served process via their Registered Agent: CSC Lawyers Incorporating Service Company, 7 St. Paul St, Suite 820, Baltimore, MD 21202.

## II. FACTS

8. Public Storage is a business establishment and place of public accommodation in Houston, Texas. Public Storage is situated on real estate, property, and improvements owned, controlled, managed, and leased out by Public Storage Inc.

9. Public Storage is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business. There is no disabled parking at the location.

10. Pictures taken at the location prove this:



Public Storage store in Houston TX. No Disabled Parking.

3



Public Storage store in Houston TX. No Disabled Parking.



Public Storage store in Houston TX. No Disabled Parking.

11. The Plaintiff went to Public Storage property located at 3732 Westheimer Rd, Houston, TX 77027 in January of 2020.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff has the intent to return to the Public Storage.

13. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14. The Defendant's Houston location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have at least one ADA-Compliant Van Accessible spaces (96" Wide with 96" Side Access Aisle). This space must be located close to the entrance of the business. *See* pictures above, and **Exhibit 1**.

15. There is no Van Accessible Disabled Parking in the parking and retail area at the entrance of the Public Storage property in Houston, Texas.

16. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

42 U.S.C. § 12183(a)(2).

19. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least <u>one</u> ADA-Compliant Van Accessible space (96" Wide with 96" Side Access Aisle) near the business entrance. *See* **Exhibit 1**.

20. Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA. This is a violation of the law and is discriminatory.

## IV. RELIEF REQUESTED

<u>Injunctive Relief</u>

21. Mr. WHITE will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

<u>Declaratory Relief</u>

22. Mr. WHITE is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23. The facts are undisputed and Defendant's non-compliance with the ADA

has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorneys' Fees and Costs

24. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PRAYER FOR RELIEF

THEREFORE, Mr. WHITE respectfully requests this Court award the following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. WHITE and those similarly-situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Mr. WHITE is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: MARCH 14, 2020              Respectfully,

                                   By:   /s/ R. Bruce Tharpe
                                         R. Bruce Tharpe

                                         **LAW OFFICE OF
                                         R. BRUCE THARPE, PLLC**
                                         1449 E. 12th St
                                         Brownsville, TX 78520

(956) 620-6184 (Tel)

ATTORNEY OF RECORD FOR
PLAINTIFF SEAN WHITE